UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO ACEVEDO GARCIA (A No. 207 306 728),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY ICE DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-5011 DAD CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE) at the California City ICE Detention Facility (ECF No. 1 at 1) proceeds with petition for a writ of habeas corpus pursuant to 28 U.S.C. § 224 challenging that detention.[1] For the reasons which follow, the court recommends that the petition be GRANTED.

I. Background

Petitioner, 29, is a native and citizen of Mexico. ECF No. 10-1 at 1. Petitioner was brought into the country without authorization by his family when he was 5. ECF No. 7 at 2.

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

In November, 2025, petitioner was arrested in Nevada for possession of a controlled substance. ECF No. 7 at 8 & No. 10-1 at 2. Charges are pending. Id.

On January 28, 2026, petitioner was arrested for possession of marijuana, possession of methamphetamine and importing, transporting selling, etc. a controlled substance in Nevada. ECF No. 10-2. On January 30, 2026, petitioner was released on $1,000 bail and then taken into custody by ICE. ECF No. 7 at 3; ECF No. 10-1 at 1-2. This appears to have been petitioner's first ever encounter with ICE. ECF No. 10-12. After being taken into custody, petitioner was charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i).

On-line Executive Office of Immigration review records reveal petitioner was ordered removed on August 12, 2026, petitioner filed a timely appeal of that decision with the Board of Immigration Appeals (BIA) and that appeal is pending.

Petitioner has not been provided with a hearing before an immigration judge as to whether his detention is appropriate. ECF No. 7 at 2.

II. Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

III. Analysis

The parties agree that under Ninth Circuit precedent, Rodriguez Vazquez v. Bostock, 183 F.4th1160, 1167 (9th Cir. 2026), petitioner was entitled to certain procedures upon his detention

by ICE identified in 8 U.S.C. § 1226(a) including a hearing before an immigration judge the result of which must be release from confinement if petitioner can show he is neither dangerous nor an unacceptable flight risk. The parties agree petitioner has not been provided any of the procedures provided for in 8 U.S.C. § 1226(a) and implementing procedures in spite of the fact that Rodriguez Vazquez was decided over six weeks ago. Petitioner does not argue that had respondents provided the procedures identified in 8 U.S.C. § 1226(a) and implementing regulations any other process would be required under the Fifth Amendment. Petitioner does argue that the failure to provide the process required by statute amounts to a violation of the Due Process Clause demanding that the burden be placed on respondents to show at a hearing, by clear and convincing evidence that petitioner is either a danger to the community or an unacceptable flight risk for petitioner to remain in ICE custody.

The court agrees with petitioner. Petitioner has essentially been held in mandatory detention for almost 9 months with no end in sight as it is not clear how long his appeal before the BIA will take and then, at the conclusion of those proceedings, petitioner has the option of seeking relief at the Ninth Circuit. Petitioner has a substantial interest in "freedom from prolonged detention." Singh v. Holder, 638 F.3d 1196, 1208 (9th Cir. 2011). As this court has previously held, detention becomes "prolonged" at or around six months if the duration of further detention is indefinite and most likely more than brief. E.g. Miranda Escalona v. Warden, No. 1:26-cv-4937 DAD CKD P, 2026 WL 2455245, *3 (E.D. Cal. Aug. 20, 2026). The appropriate remedy for prolonged detention is the government being required to justify further detention by clear and convincing evidence. Id. at *4.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED.
2. The Executive Office of Immigration Review be ordered to commence a bond hearing within 14 days where the government must show by clear and convicting evidence that petitioner is either a danger to the community or presents an unacceptable risk of flight for detention to continue.

/////

3. Petitioner be permitted to have counsel present at the hearing and be given adequate time to prepare.
4. Respondents be order to file a certification that the ordered hearing has occurred and the result thereof within 7 days of completion of the hearing.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **SEVEN** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within **SEVEN** after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 17, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
garc5011.imm.frs